IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>    Plaintiff,<br><br>v.<br><br>I&A LANDSCAPING SERVICES; and<br>INES ANTUNEZ, individually,<br><br>    Defendants. | RECEVIED: APRIL 22, 2008<br>Case No. 08CV2287      TG<br>JUDGE DARRAH<br>MAGISTRATE JUDGE VALDEZ<br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff JOSE ESCOBEDO ("Escobedo"), by and through his attorneys, The Law Office of J. Bryan Wood, and the Farmworker Advocacy Project, brings this action against Defendants I&A LANDSCAPING SERVICES ("I&A"), and INES ANTUNEZ ("Antunez"), individually, (collectively "Defendants"), as follows:

### NATURE OF ACTION

1.   This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay earned wages and overtime wages to Mr. Escobedo for all time worked in excess of forty (40) hours in individual work weeks.  Defendants' unlawful compensation practices have had the effect of denying Mr. Escobedo his earned and living wages.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Mr. Escobedo's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction over Mr. Escobedo's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district as the facts and events giving rise to Mr. Escobedo's claims occurred in this judicial district.

## THE PARTIES

5. Mr. Escobedo resides in and is domiciled in this judicial district.

6. At all material times hereto, Mr. Escobedo was an "employee" of Defendants as that term is defined by the FLSA and the IMWL, and the IWPCA.

7. During the course of his employment by Defendants, Mr. Escobedo handled goods that moved in interstate commerce and was not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §§ 206-07, or the IMWL, 820 ILCS 105/1 *et seq*.

8. At all material times hereto, Defendants were Mr. Escobedo's "employers" subject to the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

9. I&A's principal place of business is located in Lake Villa, Illinois, within this judicial district.

10. I&A is an Illinois business engaged in the landscaping service industry.

11. Mr. Antunez is the owner of I&A, and is involved in the day-to-day business operations of I&A. Among other things, Mr. Antunez has the authority to hire

and fire employees, to direct and supervise the work of the employees, to sign on the checking accounts, including payroll accounts, and to participate in decisions regarding employee compensation and capital expenditures.

### FACTS

12. Defendants employed Mr. Escobedo from April 10, 2007 through August, 2007.

13. Defendants paid Mr. Escobedo $8.00 per hour.

14. Defendants employed Mr. Escobedo an average of forty (40) or more hours per workweek during April and May, 2007.

15. Defendants employed Mr. Escobedo an average of fifty (50) or more hours per workweek during June and July, 2007.

16. Defendants did not use a time-clock to record worker's hours. Instead, Mr. Antunez wrote down the worker's hours in a record book.

17. Mr. Escobedo specifically observed Mr. Antunez record fewer hours in his record book than Mr. Escobedo actually worked that day.

18. Mr. Antunez required Mr. Escobedo and the other workers to report to the I&A "shop" at Mr. Antunez's house every morning between 6:00 or 7:00am, depending on what Mr. Antunez told them.

19. Once the workers arrived at the shop, they often had to wait from a half-hour up to an hour and a half until Mr. Antunez arrived.

20. Mr. Escobedo and the other workers were never paid for this time that they were required to spend waiting for Mr. Antunez to arrive.

21. Once Mr. Antunez arrived, Mr. Escobedo and the other workers loaded up the trucks and headed to the work sites.

22. Some work sites were a fifteen to twenty (15-20) minute drive away; others were an hour and a half drive away.

23. Defendants never paid Mr. Escobedo or the other workers for this time spent driving from the shop to the worksite and back.

24. Defendants regularly gave Mr. Escobedo and the other workers blank check stubs. At other times, Defendants gave Mr. Escobedo check stubs containing handwritten math.

25. Mr. Escobedo often was unable to determine for which hours he was being paid each week due to insufficient information on pay stubs.

26. Throughout the duration of Mr. Escobedo's employment with Defendants, Defendants employed Mr. Escobedo for workweeks during which he worked more than forty (40) hours, and Defendants willfully failed to compensate Mr. Escobedo for this time at a rate of at least one and one half times his regular rate.

27. During the workweeks set forth in paragraphs 14 and 15, Defendants employed Mr. Escobedo and failed to pay wages owed to him.

28. Defendants acted in bad faith in failing to compensate Mr. Escobedo for the work he performed.

29. Defendants were aware of their obligations to pay workers promised wages and overtime pay, and intentionally chose not to pay Mr. Escobedo accordingly.

## COUNT I
## Violation of the Fair Labor Standards Act

30. Mr. Escobedo realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. Pursuant to 29 U.S.C. §216(b), Mr. Escobedo may maintain this action as he has been damaged by Defendants' failure to comply with 29 U.S.C. §207.

32. Defendants applied the compensation policies, which affected Mr. Escobedo and violated the FLSA, on a company-wide basis. Mr. Escobedo was engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and was denied proper compensation as required by the FLSA.

33. At all material times hereto, Mr. Escobedo was employed by Defendants as an "employee" within the meaning of § 203(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

34. Mr. Escobedo performed a variety of job duties and responsibilities for Defendants within this judicial district.

35. At all material times hereto, Defendants were Mr. Escobedo's "employer[s]" within the meaning of § 203(d) of the FLSA, 29 U.S.C. § 203(d).

36. During the course of his employment by Defendants, Mr. Escobedo was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

37. Defendants directed Mr. Escobedo to work, and did so work, in excess of forty (40) hours per week.

38. Pursuant to 29 U.S.C. § 207, Mr. Escobedo was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

39. Defendants did not compensate Mr. Escobedo at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

40. Defendants failed to compensate Mr. Escobedo for time spent traveling to and from the I&A shop and the worksite.

41. Defendants failed to compensate Mr. Escobedo for the time he was required to wait forMr. Antunez every morning.

42. Defendants' failure and refusal to pay overtime wages to Mr. Escobedo for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. § 207.

43. Defendants willfully violated the FLSA by refusing to pay Mr. Escobedo overtime wages for all time worked in excess of forty (40) hours per week.

44. Pursuant to FLSA, 29 U.S.C. § 255, Mr. Escobedo is entitled to recover unpaid overtime compensation for three years prior to the filing of this suit where there is a willful violation of the FLSA, and for two years prior to the filing of this suit where the violation is not willful.

WHEREFORE, Mr. Escobedo respectfully requests this Court to enter an order as follows:

    A.    Awarding judgment for back pay equal to the amount of all unpaid regular-rate hours and overtime compensation for all time which Plaintiff worked in excess of forty (40) hours per week, according to the applicable statute of limitations for violations of the FLSA;

    B.    Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

    C.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

    D.    Awarding reasonable attorneys' fees and costs incurred in filing this action; and

    E.    Ordering such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law

45.    Mr. Escobedo realleges and incorporates paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

46.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

47.    At all material times, Defendants have been "employers" as defined in the IMWL, 820 ILCS 105/3(c), and Mr. Escobedo was an "employee" within the meaning of the IMWL.

48.　　Mr. Escobedo is entitled to be compensated and one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks, pursuant to the IMWL, 820 ILCS 105/4a.

49.　　Defendants failed to pay Mr. Escobedo at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

50.　　Defendants violated the maximum hours provision of the Illinois Minimum Wage Law, 820 ILCS 105/4(a), by refusing to compensate Mr. Escobedo at one and one-half times his regular hourly rate of pay for his excess hours.

51.　　Pursuant to 820 ILCS 105/12(a), Mr. Escobedo is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Mr. Escobedo respectfully requests this Court to enter an order as follows:

A.　　Awarding a judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.　　Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.　　Awarding damages of 2% of the amount of any underpayments for each month following the date of payment during which said underpayments remain unpaid pursuant to 820 ILCS 105/12 (a);

D.　　Awarding reasonable attorneys' fees and costs incurred in filing this

       action; and

E.      Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act

51.      Mr. Escobedo realleges and incorporates paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52.      At all relevant times herein, Defendants were "employers" defined as "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions" of the IWPCA, 820 ILCS 115/1 *et seq.*

53.      Mr. Escobedo was an "employee" within the meaning of that Act.

54.      At all relevant times herein, Defendants were "employers" defined as "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions" of the IWPCA, 820 ILCS 115/1 *et seq.*

55.      Mr. Escobedo was an "employee" within the meaning of that Act.

56.      Defendants promised to pay Mr. Escobedo a certain hourly rate for all hours worked.

57.      Defendants violated the IWPCA by failing to pay Mr. Escobedo for all the hours he worked each week.

58.      Mr. Escobedo was damaged by Defendants' violations of the IWPCA.

WHEREFORE, Mr. Escobedo respectfully requests this Court to enter a judgment as follows:

A. Awarding Mr. Escobedo the full amount of his unpaid wages at the rate agreed to by the parties, as provided by the IWPCA;

B. Awarding prejudgment interest at the statutory rate pursuant to 815 ILCS 205/2;

C. Awarding reasonable attorneys' fees and costs of this action;

D. Enjoining Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

E. Ordering such other and further relief as this Court deems appropriate and just.

A jury trial is demanded on all Counts.

Respectfully submitted on behalf of Plaintiff,

by /s/ J. Bryan Wood
_____
J. Bryan Wood
One of Attorneys for Plaintiff

| | |
|---|---|
| Vincent H. Beckman III (ARDC #0152803) | J. Bryan Wood (ARDC # 6270845) |
| FARMWORKER ADVOCACY PROJECT | THE LAW OFFICE OF J. BRYAN WOOD |
| 220 S. State Street, Suite 1700 | 53 West Jackson Boulevard, Suite 660 |
| Chicago, IL 60604 | Chicago, IL 60604 |
| (312) 347-7600 ext. 20 | (312) 545-1420 |

Electronically filed on April 22, 2008